IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

J. V. HAMER,                       :

           Plaintiff,              :

     v.                              : **Civil Action No. 18-205-RGA**
                                       : Justice of the Peace Court of the State
NAVIENT CORPORATION,     : of Delaware in and for New Castle County
                                       : Case No. JP13-17-012216

           Defendant.          :

J.V. Hamer, Paoli, Pennsylvania; Pro Se Plaintiff.

Joelle Eileen Polesky, Esquire, Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

August 19, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff J. V. Hamer, who appears *pro se*, filed this action in October 2017, in the Justice of the Peace Court of the State of Delaware in and for New Castle County. Defendant Navient Corporation removed the matter to this Court on February 5, 2018. (D.I. 1). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332. Pending is Defendant's motion to dismiss the Amended Complaint and Plaintiff's opposition. (D.I. 16, 17, 21, 22). The matter has been fully briefed. For the reasons discussed below, the Court will grant Defendant's motion and give Plaintiff leave to file a second amended complaint.

**BACKGROUND**

This action concerns five federally guaranteed student loans Plaintiff secured from Sallie Mae Corporation, the predecessor of Defendant. (D.I. 13 at ¶ 14). The loans totaled $66,000. (*Id.*). Plaintiff has made nearly $30,000 in payments, yet the balance is in excess of $150,000. (*Id.*). Plaintiff alleges that Defendant has refused to provide an accounting of how his payments were applied to the principal, interest, and fees. (*Id.* at ¶ 15). Plaintiff attended college at a Historically Black College and University, which has been consistently ranked number 1 or 2 by U.S. News and World Report. (*Id.* at ¶ 16). Plaintiff alleges that notwithstanding the ranking, Defendant has placed many of the school's borrowers in sub-prime loan products when there was no reason to do so other than an "unwarranted anticipatory failure." (*Id.*). Plaintiff alleges this was done in bad faith. (*Id.* at ¶ 17).

On or about October 13, 2014, Sallie Mae sold Plaintiff's five loan portfolio to Navient. (*Id.* at ¶ 18). Plaintiff consistently asked for an exact accounting of how his

1

payments were applied to the amount owed, and Defendant consistently refused his requests. (*Id.*). In July 2017, Plaintiff began telephoning Defendant regarding his payment and explained that it was impossible for him to make a $1,200 to $1,400 monthly payment on his teacher's salary. (*Id.* at ¶ 19). From July through October 2017, Plaintiff requested a payment "more within reason," and spoke to numerous loan portfolio managers, and Defendant continued to act in bad faith. (*Id.*).

During the July through October 2017 time-frame, Defendant reported to all major credit bureaus that Plaintiff had five delinquent loans, despite the fact that the loans had been consolidated as one loan package for accounting and reporting purposes. (*Id.* at ¶ 20). In January, 2018, Plaintiff was enrolled in Defendant's "rate reduction program" and his loan repayment amount was reduced for a nine month period. (*Id.*). Plaintiff alleges that Defendant continue to report the loans as delinquent even though he was enrolled in the program, "thus ruining Plaintiff's credit standing." (*Id.*).

Plaintiff alleges that Defendant never offered him the opportunity to enroll in at least one income-driven repayment plan, a plan designed to help borrowers manage their student loan debt and make monthly payments more affordable. (*Id.* at ¶ 21). A benefit of the income-driven repayment plan is loan forgiveness after making qualified payments for a number of years while working full-time for certain employers under the Public Service Loan Forgiveness program. (*Id.* at ¶ 22). Plaintiff alleges that Defendant continues to steer him towards forbearance agreements knowing that forbearance agreements are more oppressive and onerous than other forms of repayment. (*Id.* at ¶ 23).

For relief Plaintiff asks the Court to: (1) order Defendant to provide Plaintiff a complete accounting; (2) enjoin Defendant from falsely reporting to the various credit bureaus that Plaintiff is delinquent on all loans when he is not; and (3) adjudicate as satisfied all loans between Plaintiff and Defendant based in part on Defendant's explicit contractual representations that, if Plaintiff pursued a career in education or public service, the loans would be forgiven. (*Id.* at ¶¶ 24-26). In addition, he seeks any and all other damages. (*Id.* at ¶ 27).

Defendant moves to dismiss pursuant to Rule 12(b)(6). (D.I 16).

## LEGAL STANDARDS

In reviewing a motion filed under Rule 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec.*

3

*Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant moves for dismissal with prejudice pursuant to Rule 12(b)(6) on the grounds that: (1) the loan origination misrepresentation claim is time-barred; (2) the accounting and credit misrepresentation claim fails as a matter of law, is preempted and barred by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and fails to allege the necessary predicates to state a claim; (3) the FCRA does not permit a private individual to obtain injunctive and declaratory relief; (4) Delaware law does not recognize a freestanding accounting claim; and (5) the Amended Complaint fails to allege sufficient factual allegations to state any other claim upon which relief may be granted. (D.I. 17). Plaintiff opposes and states that his claims are not brought under the FCRA, but under common law accounting fraud and misrepresentation. (D.I. 21).

**Loan Origination Misrepresentation**. While not pled in the Amended Complaint, the original Complaint alleged that Plaintiff obtained his student loans

4

between August 2000 and May 2004. (D.I. 1-1 at ¶¶ 9-10, 12). Plaintiff commenced this action in October 2017. Plaintiff alleges misrepresentation occurred during the loan origination. Defendant moves to dismiss the loan origination misrepresentation claim and equitable fraud claim as time-barred and as deficiently pled. Plaintiff responds that Defendant's basis for dismissal is "specious." (D.I. 21 at 4).

Under Delaware law, there is a three year statute of limitations for negligent misrepresentation and fraud claims. 10 Del. C. § 8106; *see Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 363845, at *6 (Del. Ch. Jan. 27, 2010), *aff'd*, 7 A.3d 485 (Del. 2010); *Krahmer v. Christie's Inc.*, 903 A.2d 773, 778 (Del. Ch. 2006). For both misrepresentation and fraud, the claim accrues and the statute of limitations begins to run, "at the moment of the wrongful act and not when the effects of the act are felt." *Sunrise Ventures*, 2010 WL 363845, at *6; *see also Coleman v. PricewaterhouseCoopers, LLC*, 854 A.2d 838, 842 (Del. 2004).

The loan origination misrepresentation claim and fraud claims are time-barred. Accordingly, the Court will grant Defendant's motion to dismiss these claims.[1]

**Accounting and Credit Misrepresentation**. The Amended Complaint alleges that Defendant furnished inaccurate credit reporting information to all major credit bureaus. As alleged, the claim fails squarely under the ambit of the FCRA although the FCRA, 15 U.S.C. § 1681, *et seq.*, is not invoked in the Amended Complaint. Defendant moves to dismiss the accounting and credit misrepresentation claim on the grounds that it is preempted by the FCRA and the Amended Complaint fails to state a claim under the Act. Plaintiff responds that he "did not specifically plead" the FCRA. (D.I. 21 at 4).

---

[1] The Court will not address Defendant's other ground for dismissal of these claims.

5

Regardless, the Court must address the issue. "A contention that a state law claim is preempted by federal law is properly attacked under the Rule 12(b)(6) standard." *Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 497 (E.D. Pa. 2014).

Section 1681t(b)(1)(F) of the FCRA preempts Plaintiff's state common law claims because the Amended Complaint alleges that Defendant was the furnisher of information to credit reporting agencies. Section 1681t(b)(1)(F) provides in pertinent part, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ."

While the Third Circuit has never directly held that § 1681t(b)(1)(F) preempts both statutory and common law claims, two well-reasoned district court opinions in this circuit have so held. *See Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 52-43 (E.D. Pa. 2015); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 449-51 (D.N.J. 2010).

Based upon the foregoing, the Court agrees that § 1681t(b)(1)(F) of the FCRA preempts all state statutory and common law claims that may be raised against furnishers of information to credit reporting agencies such as Navient. Therefore, to the extent the credit reporting claim is raised under Delaware law, it is preempted by the FCRA.

In addition, Defendant also seeks dismissal of a potential FCRA claim as deficiently pled. Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information, 15 U.S.C. § 1681s-2(a), and (2) to undertake an investigation upon receipt of a notice of dispute regarding

6

credit information that is furnished, 15 U.S.C. § 1681s-2(b). Violations of the obligation to provide complete and accurate information to consumer reporting agencies are not subject to a private cause of action "in the first instance," that is, before the consumer has disputed the information with a credit bureau. *See Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014). The FCRA "explicitly precludes private suits" for failure to comply with the duties set forth under 15 U.S.C. § 1681s-2(a), and "provides for enforcement of that provision by federal and state officials." *Seamans*, 744 F.3d at 864.

Duties of the furnisher of the information are not imposed until the furnisher receives notice from a consumer reporting agency, pursuant to 15 U.S.C. § 1681i(a)(2), that a consumer has disputed information furnished by that furnisher/creditor. *See Seamans*, 744 F.3d at 864-65. Notice triggers the requirements of 15 U.S.C. § 1681s-2(b). *See id.* To bring a claim under § 1681s-2(b), Plaintiff must establish three elements: (1) he notified the consumer reporting agency of the disputed information, (2) the consumer reporting agency notified Defendant of the dispute, and (3) the furnisher then failed to investigate and modify the inaccurate information. *See, e.g., SiimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). As pled, the Amended Complaint does not contain the elements necessary to state a claim under the FCRA (which is understandable since, as Plaintiff states, it is not Plaintiff's intent to state such a claim).

The Court will grant Defendant's motion to dismiss the inaccurate credit reporting claim. Because it is possible that Plaintiff may be able to state a claim under the FCRA, he will be given leave to amend the claim.

**Injunctive and Declaratory Relief**. Defendant also seeks dismissal of Plaintiff's request for injunctive and declaratory relief. Plaintiff requests "that the court enjoin the Defendant from falsely reporting to its various credit bureaus that Plaintiff is delinquent on all of the loans when, in fact, Plaintiff is not delinquent." (D.I. 13 at 5). Based upon the facts as pled, it is clear that he seeks to enjoin Defendant, as a furnisher of information to credit bureaus, from furnishing information about Plaintiff. As discussed above, the relief sought falls under the FCRA.

Injunctive and declaratory relief are not available under the FCRA. *See Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Dicesari v. Asset Acceptance LLC*, 2012 WL 4108944, at *6 (E.D. Pa. 2012).

Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's request for injunctive and declaratory relief to the extent it is sought under the FCRA.

**Accounting Claim under Delaware Law**. The Amended Complaint alleges that Defendant refuses to provide an exact accounting as to the application of Plaintiff's payments to the debt, and, for relief, asks the Court to order Defendant to provide Plaintiff an accounting. Defendant moves to dismiss the accounting claim on the grounds that Delaware law does not recognize a freestanding accounting claim. Plaintiff responds that Defendant's "assertion that Delaware law does not recognize a 'freestanding' accounting claim is preposterous. Every contract executed in the State of Delaware pre-supposes a fundamental duty of the parties to act fairly and in good faith." (D.I. 21 at 4).

Under Delaware law, "[a]n accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount

8

ascertained to be due to either as a result." *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *11 (Del.Ch. Aug. 26, 2005). An accounting "reflects a request for a particular type of remedy, rather than an equitable claim in and of itself." *Stevanov v. O'Connor*, 2009 WL 1059640, at *15 (Del. Ch. Apr. 21, 2009); *see also Addy v. Piedmonte*, 2009 WL 707641, at *23 (Del. Ch. Mar. 18, 2009) (explaining that an accounting is "dependent on the viability and outcome of the underlying causes of action"); *Rhodes v. Silkroad Equity, LLC*, 2007 WL 2058736, at *11 (Del. Ch. July 11, 2007) ("An accounting is not so much a cause of action as it is a form of relief. Here, the demand for accounting is inherently dependent on the Court's decision on the fiduciary duty claims."). Plaintiff, therefore, may not state a claim for wrongful accounting.

Rather than state a claim, the Amended Complaint seeks an accounting as a remedy. Were more facts pled, it seems that Plaintiff could possibly raise a payment processing claim under Delaware's Consumer Fraud Act or the federal Consumer Financial Protection Act. Therefore, the Court will grant Defendant's motion to dismiss the accounting claim but will give Plaintiff leave to amend.

**Income-Driven Repayment Plans**. The Amended Complaint alleges that Defendant never offered Plaintiff the opportunity to enroll in at least one income-driven repayment plan and continued to steer Plaintiff towards forbearance agreements knowing that forbearance agreements are more oppressive and onerous than other forms of repayment. Defendant moves to dismiss the claim, which it construes as either intentional misrepresentation or fraudulent concealment, for failure to state a claim upon

9

which relief may be granted. Plaintiff relies upon *Consumer Fin. Prot. Bureau v. Navient Corp.*, 2017 WL 3380530 (M.D. Pa. Aug. 4, 2017) to argue that it does.

To state a claim for fraud or intentional misrepresentation under Delaware law, a plaintiff must allege: (1) a false representation, usually one of fact, made by the defendant; (2) with knowledge or belief of its falsity or with reckless indifference to the truth; (3) with intent to induce action or inaction; (4) that plaintiff's response was taken in justifiable reliance on the representation; and (5) an injury resulting from such reliance. *Alltrista Plastics, LLC v. Rockline Indus., Inc.*, 2013 WL 5210255, at *3 (Del. Super. Sept. 4, 2013). To state a claim for fraudulent concealment, a plaintiff must plead: "(1) [d]eliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) [t]hat the defendant acted with scienter; (3) [a]n intent to induce plaintiff's reliance upon the concealment; (4) [c]ausation; and (5) [d]amages resulting from the concealment." *Nicolet Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987).

As currently pled, under Delaware law, the scant allegations do not suffice to state a claim under either theory.[2] Therefore, Defendant's motion to dismiss will be granted and Plaintiff will be given leave to amend the claim.

---

[2] It may be that the claims arise under Delaware's Consumer Fraud Act or the federal Consumer Financial Protection Act. The Court takes note that there is currently pending before the United States Court of Appeals for the Third Circuit an interlocutory appeal to decide whether the Higher Education Act preempts loan-servicing claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *See Commonwealth of Pennsylvania v. Navient Corp.*, No. 19-2116 (3d. Cir. 2019). The Court further notes that recently the United States Court of Appeals for the Seventh Circuit held that a borrower's state law claims that a servicer made affirmative representations to the borrower while counseling her on her repayment plan options in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act were not

10

**Miscellaneous State Claims**. Defendant moves to dismiss Plaintiff's remaining request for relief as not cognizable as a matter of law. The Court does not consider Plaintiff's remaining prayer for relief (D.I. 13 at Relief ¶ 36) as a claim. Plaintiff requests that his loan be adjudicated as satisfied based in part upon Defendant's explicit contractual representations that, if Plaintiff pursued a career in education or public service, the loan would be forgiven. Nonetheless, the claim, if that is what it is, is deficiently pled and therefore, Defendant's motion to dismiss will be granted.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's motion to dismiss the Amended Complaint. (D.I. 16). Plaintiff will be given leave to file a second amended complaint, as already discussed.

An appropriate order will be entered.

---

preempted by the Higher Education Act. *See Nelson v. Great Lakes Educational Loan Services, Inc.*, 928 F.3d 639 (7th Cir. 2019).

11