IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. V. HAMER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-205-RGA |
| NAVIENT CORPORATION, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 7 day of October, 2019, having considered Plaintiff's letter, construed as a motion for reconsideration (D.I. 30);

IT IS ORDERED that motion for reconsideration (D.I. 30) is **DENIED**, for the reasons that follow:

On August 20, 2019, the Court granted Defendants' motion to dismiss and gave Plaintiff leave to file an amended complaint. (D.I. 26, 27). Plaintiff asks the Court to reconsider its Order granting the motion to dismiss. He states that "it is obvious Navient cannot be trusted and will not move forward in good faith if left to its own devices." (D.I. 30 at 1).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or [to] prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

1

The Court has reviewed the filings and its memorandum opinion and order that granted Defendants' motion to dismiss. In doing so, the Court finds that Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the August 20, 2019 Order. Therefore, Plaintiff's motion for reconsideration is denied.

_____
UNITED STATES DISTRICT JUDGE